## No. 9448.

### CARONDELET CANAL AND NAVIGATION COMPANY VS. THE CITY OF NEW ORLEANS.

The City of New Orleans has control of its streets and drainage and may improve the on and alter the other as circumstances require.

The City can change its system of drainage and do whatever is essential to perfect it, but it cannot wantonly and unnecessarily disregard the rights of its inhabitants.

The City can widen a ditch lying along the border of the plaintiffs' Canal Company, but must cover it, as without a covering ingress and egress to and from the canal would be impeded or prevented. In widening the ditch to improve the drainage the city cannot needlessly interfere with the rights and privileges of the Canal Company.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*H. D. Ogden* and *Blanc & Butler*, for Plaintiffs and Appellees.

*Walter H. Rogers*, City Attorney, for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The plaintiff Company has injoined the City of New Orleans from " widening the ditch between the northeast side of Toulouse street from Claiborne to Galvez and from digging or in any manner working on said ditch so as to increase the width beyond nine feet at the top at Claiborne street, and thence gradually widening to twelve feet at the top at Claiborne street (*sic*) and from doing anything

on said ditch contrary to the terms of the compromise by Act of May 16, 1872."

The writ of injunction copies the above verbiage of the prayer in the petition but it is apparent that the last mention of Claiborne should be Galvez street.

Prior to the above date the city began digging a draining ditch in the locality mentioned and the plaintiff stopped the progress of the work by an injunction. That litigation was terminated by a compromise by which it was agreed and stipulated that the ditch should not exceed the dimensions above specified, should be covered with four-inch plank, and should be cleaned in sections of not more than a hundred feet at a time, etc.

The present injunction was taken in 1884, the averment being that the city is violating its agreement and is widening this ditch to fifteen feet at Claiborne street and to eighteen feet at Galvez, and has not repaired the covering but that the planking has rotted and fallen away and the ditch is now uncovered.

Toulouse street forms the bank of the canal. They run side by side and the gravamen of the plaintiff is that the widening of the ditch encroaches upon its landing, and the uncovering of it prevents ingress and egress to it so that its commerce is obstructed and the owners of vessels navigating it are incommoded to the great injury of the company.

The evidence abundantly establishes the existence of this obstruction and its prejudicial effect upon the business of the plaintiff. The defence is that the ditch-widening is essential to the proper drainage of the city and to its health, and that the ordering and prosecution of the work is within the corporate powers of the city, and the execution of it cannot be prevented or impeded lawfully even though the city has formerly agreed not to do the work as it was proceeding to do when injoined.

The space between Claiborne and Galvez streets has been used as a landing for vessels running through this canal from the beginning, and this privilege is one of the rights among others that the company derived from the State by lease in 1857, and the company remained in undisputed enjoyment of this right until the city attempted to widen the ditch in 1872.

Unquestionably the city has control of its streets and may determine in what manner they shall be improved, and it has equal power over its drainage and can perfect a system that will conduce to the health

and comfort of its inhabitants. Inhab. of Melpomene st. v. New Orleans, 14 Ann. 452; Dillon Munic. Corp. 393.

But it cannot exercise this power recklessly and in wanton disregard of the rights of its inhabitants. The need of enlarging this ditch as a part of a plan to improve the drainage of the city is demonstrated by the testimony, but that may be done and all the benefits derivable from it can be realized without injuring the plaintiff. The company has a right to require that the ditch shall be covered in every part where it was formerly covered for its convenience and that the landing between Claiborne and Galvez streets, which it has always used and which is necessary for its operations shall be covered as it claims, and the street crossings shall be also covered that lead to its landing.

The judgment of the lower court dissolved the injunction against widening the ditch and maintained it in all other particulars.

Judgment affirmed.